THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD E. ROBERTS, Defendant-Appellant.

(No. 12882; ███████)

Fourth District—June 12, 1975.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

No appearance for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

The defendant was convicted for the offense of battery after a bench trial. Following a presentence investigation and report and sentencing hearing, the defendant was sentenced to probation for 1 year with the condition that he serve 10 days in jail. Further, the defendant was required to attend meetings of Alcoholics Anonymous twice weekly and to supply proof of such attendance under threat of incarceration for 1 day for each absence from such a meeting. The defendant was ordered to refrain from frequenting places which sold alcoholic beverages and from drinking alcoholic beverages. The defendant was also ordered to reimburse the victim for the damages incurred as the result of the defendant's battery of the victim. The defendant has appealed. The State Appellate Defender was appointed as counsel for the defendant, and that counsel has filed a motion to withdraw. Attached to the motion to withdraw is a brief conforming to the requirements of *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. The proof of service shows service of that brief upon the defendant. Upon its own motion, this court granted the defendant leave to file additional points and authorities, and none have been filed.

In discharging our responsibility, we have examined the record in this case. We have concluded, as has the Appellate Defender, that there are no justiciable issues for review and that any review would be frivolous. The defendant was represented at the trial level by appointed counsel. The complaint is in the language of the statute and charges the defendant with the offense of battery. The defendant entered a plea of not guilty. The defendant was allowed to waive jury trial only after a thorough admonition by the trial court regarding the defendant's right to a jury trial and the consequences of the waiver of jury trial. Although the defendant admitted striking the victim, the defendant claimed to have done so in self-defense. However, the evidence presented at trial clearly proved that the defendant was guilty of the offense. Under the circumstances of this case and based upon the criminal record and personal background of the defendant, the sentence imposed is not excessive. It is manifestly reasonable and appropriate.

Therefore, the motion to withdraw is allowed, and the conviction and sentence are affirmed.

Judgment affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.